**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60948-MIDDLEBROOKS**

ARELI MALPICA MAUS,

      Petitioner,

v.

MARKWAYNE MULLIN,
in their official capacity as
Secretary of the United States
Department of Homeland Security,
*et al.*,

      Respondents.

_____/

**RESPONSE TO ORDER TO SHOW CAUSE**

Respondents[1], hereby respond to the Court's Order to Show Cause (ECF No. 4).

Petitioner, Areli Malpica Maus ("Petitioner") challenges her detention by U.S. Immigration and

Customs Enforcement ("ICE"). On April 3, 2026, Petitioner filed a petition for habeas corpus

pursuant to 28 U.S.C. § 2241. The Court has ordered the government to show cause why the

petition should not be granted.

    **I.**      **FACTUAL BACKGROUND**

---

[1] A writ of habeas corpus must "be directed to the person having custody of the person detained."
28 USC § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed
in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory
official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426,
439 (2004). Petitioner is currently detained at Broward Transitional Center (BTC). *See* Petition at
¶ 3. The only appropriate respondent named is the Warden of BTC, Assistant Field Office Director
(AFOD) Juan Gonzalez, in their official capacity. Therefore, all other respondents should be
dismissed.

Petitioner is a native and citizen of Mexico. *See* Exh. A, Form I-213, Record of Deportable/Inadmissible Alien, (Form I-213), dated March 30, 2026. Petitioner unlawfully entered the United States at an unknown date and location. *See* Exh. A, Form I-213, dated March 30, 2026. Petitioner was granted Voluntary Return by Customs and Border Protection (CBP) on July 9, 2006. *See* Exh. A, Form I-213, dated March 30, 2026.

On March 30, 2026, Petitioner was encountered and arrested by the Monroe County Police Department for Obstruct Without Violence and Misuse of 911 System. *See* Exh. A, Form I-213, dated March 30, 2026; *see also* Exh. B, Case No. 26-MM-807-A-K. The case remains pending and is set for a pretrial conference on June 2, 2026. *See* Exh. B, Case No. 26-MM-807-A-K.

While Petitioner was detained, Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) was contacted and determined that Petitioner was in the United States unlawfully. *See* Exh. A, Form I-213, dated March 30, 2026. ICE ERO issued Petitioner a warrant for her arrest and took the Petitioner into custody. *See* Exh. C, Form I-200 Warrant for Arrest of Alien, dated March 30, 2026; *see also* Exh. D, Detention History. On April 1, 2026, ICE ERO filed the Notice to Appear (NTA) with the Executive Office for Immigration Review (EOIR), charging her with inadmissibility under INA § 212(a)(6)(A)(i). *See* Exh. E, Form I-862, Notice to Appear, dated April 1, 2026.

Petitioner is currently detained at Broward Transitional Center (BTC), in Pompano Beach, Florida. *See* Exh. D, Detention History. Petitioner has not requested a bond hearing before EOIR and her next hearing is scheduled before the BTC Immigration Court on April 17, 2026. *See* Exh. F, Notice of Hearing, dated April 7, 2026.

II.     ARGUMENT

The government has carefully reviewed this petition and determined that the legal issues presented concern the statutory authority for U.S. Immigration and Customs Enforcement's ("ICE") detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), the Court's jurisdiction to hear such a claim under 8 U.S.C. § 1252, whether Petitioner is entitled to a bond hearing, and if so, whether Petitioner must first exhaust her administrative remedies. While reserving all rights, including the right to appeal, the government respectfully submits this abbreviated response to the Court's Order to Show Cause in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter. If the Court prefers to receive a formal memorandum of law, the government will submit one upon request.

It is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2), because she was present in the United States without being admitted or paroled. *See* Exh. E, Notice to Appear; *see also Buenrostro-Mendez v. Bondi,* No. 25-20496, 25-40701, ___F. 4th ___, 2026 WL 323330 (5th Cir. Feb. 6 2026) (holding that the noncitizen petitioners in removal proceedings were subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because they were present in the United States without being admitted or paroled, despite having entered illegally many years ago). In *Buenrostro-Mendez*, the Fifth Circuit Court of Appeals recognized that presence without admission renders an individual like Petitioner both an "applicant for admission" and "seeking admission" under 8 U.S.C. § 1225(b)(2) and therefore subject to mandatory detention--regardless of how much time the individual has been present in the United States. *Buenrostro-Mendez*, at \*4-9.[2] Additionally, like the Fifth Circuit, the Eighth Circuit Court

---

[2] Petitioner also asserts *Maldonado Bautista* class membership, however, on March 6, 2026, the U.S. Court of Appeals for the Ninth Circuit granted a temporary administrative stay in *Maldonado Bautista v. Santacruz*, No. 25-01873 (C.D. Cal. filed July 23, 2025), thus staying the district court's

of Appeals recently held that "Because the text here is clear that an 'applicant for admission' is also an alien who is 'seeking admission,' *see* § 1225(a)(1), (b)(2)(A), we may not resort to legislative history to cloud a statutory text that is clear, *Cont'l Res., Inc. v. N. Dakota Bd. of Univ. & Sch. Lands*, 136 F.4th 778, 785 (8th Cir. 2025) (citation omitted). Accordingly, we find that the district court erred in holding that the Government could not detain [petitioner] without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis." *Herrera Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026).

Several Judges in this District have reached the same conclusion. *See, e.g., Morales v. Noem*, et al., No. 25-62598-CIV SINGHAL, ECF No. 10 (S.D. Fla. Jan. 29, 2026))(same); *Perez Morales v. Noem*, et al., No. 26-60251-CIV DIMITROULEAS, ECF No. 15 (S.D. Fla. Feb. 9, 2026)(same, adopting the analysis of the majority opinion in *Buenrostro*); *Mokanu v. Warden, Federal Detention Center Miami*, No. 25-24121-ARTAU, ECF No. 19 (S.D.Fla. Feb. 19, 2026) (holding that 8 USC 1252(g) prohibits the Court in a habeas proceeding from reviewing the denial of bond to a person present without admission or parole who is detained pursuant to 8 U.S.C. § 1225, and, on the merits, finding that petitioner who had been present in the country for years on humanitarian parole was an applicant for admission and subject to detention under 8 USC 1225(b)(2); *Hernandez v. Miami Field Office Director*, Case No. 26-20440-ALTMAN, ECF No. 8 (S.D. Fla. Feb. 27, 2026) ("The plain text of § 1225(a)(1) defines aliens, like our [p]etitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission").

The government acknowledges, however, that several Judges in this District have reached

---

vacatur of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The *Maldonado Bautista* partial final judgment is neither binding on this Court, nor presents an independent basis for granting the Petition.

the opposite conclusion. *See, e.g., Aguilar Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *3, 8 (S.D. Fla. Oct. 15, 2025) ("§ 1226(a), not § 1225(b)(2), governs Petitioner's detention"); *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-24292-CIV-WILLIAMS, ECF No. 41 (S.D. Fla. Oct. 10, 2025) ("§ 1226 governs Petitioner's detention"); *Hernandez Alvarez v. Acting Warden Roger Morris*, et al., Case No. 25-24806-CIV-WILLIAMS, ECF No. 6 (S.D. Fla. Oct. 27, 2025) (agreeing with petitioner that "detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond . . .  not § 1225(b)(2), applicable to noncitizen "applicant[s] for admission" to the United States.); *Cerro Perez v. Parra*, et al., Case No. 25-24820-CIV-WILLIAMS, ECF No. 9 (S.D. Fla. Oct. 27, 2025) (same); *Alvarez Puga v. Assistant Field Office Director Krome,* et al., No. 25-24535-CIV-ALTONAGA (S.D. Fla. Oct. 15, 2025) (concluding that "prudential exhaustion requirements are excused for futility" and finding that "section 1226(a) and its implementing regulations govern Petitioner's detention, not section 1225(b)(2)(A)");  *Zamora Policarpo v. Parra*, Case No. 25-25236-CIV-COHN, ECF No. 8 (S.D. Fla. Dec. 22, 2025) (finding good cause to excuse Petitioner's failure to exhaust administrative remedies where it is evident the BIA will reject Petitioner's request for a bond hearing or release and that Petitioner is subject to detention under § 1226(a) and entitled to a bond hearing before an immigration judge);*Duvallon Boffill*, et al., Case No. 25-25179-CIV-BECERRA, ECF No.9 (Nov. 20, 2025) (concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and  that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Ocampo Fernandez v. Ripa*, No. 25-24981-CIV-LEIBOWITZ, ECF No. 17 (S.D. Fla. Nov. 25, 2025) (declining to follow BIA order in *Hurtado* and holding that "Petitioner is detained pursuant to Section 1226 and is therefore entitled to a bond hearing"); *Espinal Encarnacion v. ICE Field Office Director*, et al., Case No. 25-61898-

CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)"); *Ocegueda Gonzalez v. Noem*, et al., Case No. 25-62261-CIV-MIDDLEBROOKS/AGUSTIN-BIRCH, ECF No. 25 (Dec. 23, 2025) ("Having concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a), Petitioner is entitled to an individualized bond hearing before an immigration judge."); and *Fuentes Granados v. Secretary of Homeland Security*, Case No. 26-60020-CIV-SMITH, ECF No. 7 (S.D. Fla. Jan. 27, 2026) ("Petitioner is being unlawfully detained due to his improper classification as "an alien who is an applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2)(A)[;] . . .Petitioner's proper classification is a detainee pursuant to 8 U.S.C. § 1226(a)"); *Montero v. Warden of the Federal Detention Center Miami*, Case No. 25-25650-CIV-HUCK, ECF No. 14 (S.D. Fla. Feb. 18, 2026) ("the Court concludes that section 1226(a)—not section 1225(b)—governs Petitioner's detention").

The government is appealing the judgment that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b), governs detention under the facts presented in the cases above appealing to the Eleventh Circuit in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, et al., No. 25-14065 (11th Cir.) and *Cerro Perez v. Assistant Field Office Director*, et al., No. 25-14075 (11th Cir.). Until the foregoing appeals are resolved, however, the government acknowledges that this Court's recent decision in *Ocegueda Gonzalez v. Noem*, et al., Case No. 25-62261-CIV-MIDDLEBROOKS/AGUSTIN-BIRCH, ECF No. 25 (Dec. 23, 2025) would control the result here if the Court adheres to that decision, as the legal arguments are not materially distinguishable for purposes of the Court's decision on the issue of which statutory provision authorizes Petitioner's detention.

6

Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, the government hereby relies upon, and incorporates by reference, the legal arguments it presented in *Ocegueda Gonzalez v. Noem, et al.*, Case No. 25-62261-CIV-MIDDLEBROOKS/AGUSTIN-BIRCH, ECF No. 25 (Dec. 23, 2025), and the Court can decide this issue without further briefing. However, as noted above, should the Court prefer to receive a formal opposition brief in this matter, the government will file such a brief upon the Court's request.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

/s *Kimberly Montgomery*
KIMBERLY MONTGOMERY
Special Assistant U.S. Attorney
Florida Bar No. 99894
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9453
E-mail: Kimberly.Montgomery@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Respondents' Response was served on Petitioner's counsel, as listed on the Petition, through CM/ECF.

/s/ *Kimberly Montgomery*
KIMBERLY MONTGOMERY
Special Assistant U.S. Attorney

7