UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-60948-MIDDLEBROOKS

Arely Malpica Maus,

     Petitioner,

v.

Markwayne Mullin, et al.,

     Respondent.

_____/

**PETITIONER, ARELY MALPICA MAUS's, REPLY TO RESPONDENT'S RESPONSE TO ORDER TO SHOW CAUSE**

Petitioner, ARELY MALPICA MAUS, by and through his undersigned counsel, hereby files this Reply to Respondent's Response to Order to Show Cause, and in support thereof states as follows:

**FACTUAL BACKGROUND**

1. Petitioner entered the U.S. on or about over twenty (20) years ago, she was a fifteen (15) year old minor and is now thirty-five (35) years old, born on February 2, 1991, and has resided in the U.S. for over twenty (20) years.

2. Petitioner was not apprehended or encountered at a port entry, she was encountered when he followed conditions of his release, which was to report to the Miramar field office on October 3, 2025.

3. On or about April 1, 2026, Petitioner was encountered by the Respondent pursuant to a warrant issued under section 236 of the Immigration Nationality Act, while

detained at the Monroe County jail, located in Monroe County, Florida. (Attached hereto as "Exhibit A," copy of warrant issued).

## ARGUMENT

**A. Petitioner is not an Applicant for Admission subject to Detention pursuant to 8 U.S.C. §1225(b)(2)(A) and Detention under §1226 is Applicable. Matter of Yajure Hurtado is not applicable.**

Here, the Petitioner's detention is subject to 8 U.S.C. §1226 rather than 1225(b)(2). *Matter of Yajure Hurtado* is not controlling in this case.

As explained by the U.S. Supreme Court, 8 U.S.C. §1225(b) "primarily applies to aliens seeking entry into the United States," whereas 8 U.S.C. §1226 "applies to aliens already present in the United States." *See*, *Jennings v. Rodriguez*, 583 U.S. 281, 297, 303 (2018). Here, the Notice to Appear alleges that Petitioner "[e]ntered the United States as an unknown location, on unknown dates' you were not then admitted or inspected by an immigration officer."  Further, Petitioner has not been charged as an arriving alien. The Notice to Appear charges the Petitioner as an alien present in the United States who has not been admitted or paroled; therefore, Petitioner's detention squarely falls under 8 U.S.C. §1226. *See*, *e.g.*, *Boffill*, 2025 WL 3246868, at *6 (NTA charged petitioner as present in the United States without admission or paroled so the classification places him squarely within section 1226); *Merino*, 2025 WL 2941609, at *3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within United States, not at the border, falls under §1226(a), not §1225(b)(2)…"); *Patel v. Hardin*, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *5 (M.D. Fla. Dec. 1, 2025) ("It is undisputed that Patel has been in this country  since 2011. Hus detention is thus governed by §1226(a).").[1]

---

[1] Additionally, in a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See  Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161

**B. Petitioner is not an Applicant for Admission in §1229a Removal Proceedings and his detention pursuant to 8 U.S.C. §1225(b)(2)(A) is not Proper.**

Petitioner's detention is governed by 8 U.S.C. §1226 not §1225(b)(2)(A). Also, §1229a is a removal statute rather than a detention statute.

The application of 8 U.S.C. §1226(a) does not turn on whether someone has been previously admitted to the United States. Section 1226(a) affords access to bond to noncitizens that are inadmissible. Section 1225(b)(2)(A) requires an active construction of the phrase seeking admission and therefore "applicants for admission," cannot apply to Petitioner. Further, §1225(b)(2) applies to other noncitizens who is an applicant for admission, if the examining immigration officer determine that a noncitizen seeking admission is not clearly and beyond a doubt entitled to be admitted. See, 8 U.S.C. §1225(b)(2). But, *Jennings*, considered §1226 along with §1225(b)(2), where §1226(a) authorizes the Government to certain certain noncitizens already in the country pending the outcome of removal proceedings. *Jennings*, 583 U.S. at 289.

Further, the heading under which §1225 falls, states the following "inspection by immigration officers; expedited removal of inadmissible arriving noncitizens; referral for hearing." *See*, 8 U.S.C. §1225.

**C. Section 1226 does not only apply to those noncitizens that have been admitted**

Petitioner is subject to detention under 8 U.S.C. §1226 rather than 8 U.S.C. §1225. In January 2025, Congress amended several provisions of the INA, including INA §§235, 235. *See*, Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025). The additional section discusses

---

F.4th 1048, 1060-63 (7th Cir. 2025). On February 18, 2026, the Court in the Central District of California has vacated under the APA, *Matter of Yahure Hurtado*. *See*, *Bautista-Maldonado v. Santacruz, Jr.*, et al., 5:25-cv-01873-SSS-BFM, (C.D. Cal. Feb. 18, 2026).

individuals who entered without admission or inspection. 8 U.S.C. §1226(c)(1)(E). The additional section encompasses those aliens who are inadmissible under 8 U.S.C. §1182(6)(A), "which are noncitizens present in the Untied States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." *Id*. The section continues, stating that such noncitizens must also have been "charged with, arrested for, convicted of, having committed, or admits committing such acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of law enforcement office offense, or any other crime that results in death or serious bodily injury to another person." *See*, 8 U.S.C. §1226(c)(1)(E)(ii). Congress has specifically delineated a list of individual present without admission or inspection who are ineligible for bond. See, 8 U.S.C. §1226(c)(1)(E). When Congress creates specific exceptions the statute generally applies. *See*, *Shady Grove Orthopedics Assocs., PA. v. Allstate Ins. Co*., 559 U.S. 393, 400 (2010). If 8 U.S.C. §1225(b) applied to all noncitizens who were not admitted, such an interpretation would render superfluous 8 U.S.C. §1226(c)(1)(E), which specifically applies to certain categories of inadmissible noncitizens with criminal convictions.

**D. Petitioner is not an applicant for Admission, she was detained pursuant to a warrant for arrest of alien issued pursuant to section 236 of the Immigration Nationality Act.**

Petitioner was detained on or about April 1, 2026. He was detained pursuant to a warrant issued under 8 U.S.C. §1226.

Unlike in *Matter of Q-Li*, Petitioner was detained with a warrant and said warrant stated she was being detained pursuant to section 236 of the Immigration Nationality Act. In this instant case, unlike in *Matter of Q-Li*, Petitioner was detained pursuant to a warrant that was issued under section 236 of the Immigration Nationality Act.

Moreover, *Matter of M-S*, is inapplicable here, for Petitioner is not an arriving alien and has not been charged as an arriving alien. Petitioner is not subject to expedited proceedings under 8 U.S.C. §1225(b)(1). In footnote 4 of *Matter of Q-Li*, the Board of Immigration Appeals, stated that "once an alien is detained under section 235(b), DHS cannot convert the statutory authority governing her detention from 235(b) to section 236(b) through the post-hoc issuance of a warrant. *See*, *Matter of Q-Li*, 29 I&N Dec. 66, 69 (BIA 2025). Here, the Department issued a warrant under section 236 of the Immigration Nationality Act and cannot just state that Petitioner detention falls under 8 U.S.C. §1225.

### E. Petitioner does not have to Exhaust Administrative Remedies for there is No Genuine Opportunity for Adequate Relief and an Administrative Appeal would be Futile.

Here, the Immigration Judge entered an order denying bond because the Immigration Judge lacked jurisdiction.

Courts generally do not require an exhaustion of remedies where no genuine opportunity for relief exists or an administrative appeal would be futile. *See*, *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). Matter of Yajure Hurtado is binding precedent on immigration judges and subjects Petitioner, a non-citizen who is present in the United States and has not been admitted or paroled, to mandatory detention without the possibility of a bond, there is no adequate administrative remedy for Petitioner.

### F. Buenrostro is not dispositive on the due process claim and therefore Habeas relief remains available.

Petitioner's due process claim survives the *Buenrostro* decision and viable relief remains on his habeas petition in the form of release. The *Buenrostro* decision did not decide or dispose of the due process claim, the decision contains no mention of due process, other than by pass

mentioning that the Supreme Court's decision in *Zadyvas v. Davis*, 533 U.S. 701 (2001) does not apply to individuals in pending removal proceedings, but rather to individuals who already have a final order of removal.

After the issuance of Buenrostro, several judges in the same district have granted habeas petitions strictly on a due process cause of action. As Judge Cardone explained:

> The Court's conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*. Marceau argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds… [T]he Buenrostro-Mendez court did not reach the due process question, confining its analysis and holding to statutory interpretation. And the case remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance. Indeed, the Government's counsel states it bluntly during oral argument. "We have one issue before the Court now: the statutory question. … There's not, in other words, a due process claim here." In sum, Buenrostro-Mendez has not bearing on this Court's determination of whether is Marceau is being detained in violation of her constitutional right to procedural due process.

*Marceau v. Noem*, No. EP-26-CV-237 KC, 2026 WL 368953, at *2 (W.D. Tex. Fec. 9, 2026) (internal citations omitted). Judge Cardone went on to grant the habeas petition on procedural due process grounds. *Id*.

Noncitizens are entitled "to due process of law in the context of removal proceedings" and it has been "well established." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)(per curiam), quoting Reno v. Flores, 507 U.S. 292, 306 (1993). Here, Petitioner has lived in the U.S. for over four (4) years and has no criminal history, no history of violence, and no pending criminal charges. It is apparent why due process is violated when Respondents seek to detain him in jail-like conditions without the opportunity for review of his detention before a neutral magistrate.

The Court should apply the familiar three-prong balancing test to Petitioner's due process claim. *Matthews v. Eldridge*, 424 U.S. 319, 96 (1976). On the first prong, private interest, 'the

Fifth Amendment entitles noncitizens to due process of law in the context of removal proceedings," and "the interest being free from physical detention by [the] government " is "the most elemental of liberty interest [.]" *See*, *Lopez v. Arevalo v. Ripa*, EP-25-CV-337-KC, 2025 WL 2691828, \*10 (W.D. Tex Sep. 12, 2025) *see also*, *Demore v. Kim*, 538 U.S. 510, 527-28 (2003). Here, Petitioner has the outmost liberty interest.

Additionally, in a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

## CONCLUSION

Based on the foregoing, the Petitioner requests that the Petition be Granted for her detention is unlawful. Petitioner detention falls squarely under 8 U.S.C. §1226. Petitioner does not have to exhaust his administrative remedies for it is futile. Petitioner requests that her Petition be granted and that the Court either order her immediate release or order an adequate bond to occur within the next five (5) days.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and interested parties as listed below.

By: /s/ Christina M. Coello
Christina M. Coello, Esq.
Florida Bar No.: 111425
The Law Offices of Gonzalez & Associates, LLC.
999 Ponce de Leon Blvd. Suite 625
Coral Gables, FL 33134
Telephone: 786-431-4141
Facsimile: 305-359-9087
Email: christina.coello@ngonzalezlaw.com